UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY COCHRAN,

        Petitioner,

                                   CASE NO. 06-CV-14521
v.                                     HONORABLE DENISE PAGE HOOD

C. EICHENLAUB,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS**

I.    **Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2241. Timothy Cochran ("Petitioner") is a federal prisoner who was confined at the Federal Correctional Institution in Milan, Michigan at the time he instituted this action. Petitioner is currently housed in a Community Corrections Center ("CCC") or Residential Reentry Center ("RRC"), also known as a halfway house, in Detroit, Michigan. *See* Bureau of Prisons Inmate Locator. In his pleadings, Petitioner challenges a Federal Bureau of Prisons ("BOP") policy and determination regarding the time for which he is eligible for CCC placement. For the reasons set forth below, the Court denies the petition for writ of habeas corpus as moot.

II.    **Facts and Procedural History**

Petitioner was convicted of conspiracy to distribute cocaine base in the United States District Court for the Southern District of Iowa and sentenced to 180 months imprisonment and

1

five years of supervised release on July 25, 1996. His projected release date is December 11, 2007.

Petitioner filed the present petition for writ of habeas corpus on October 16, 2006. In his pleadings, Petitioner challenges the BOP's policy which caps CCC placement at six months and asserts that he should be eligible for 18 months of CCC placement, which constitutes 10% of his sentence. Petitioner has exhausted his administrative remedies concerning this matter. Respondent filed an answer to the petition on February 8, 2007 contending that it should be denied for lack of merit.

III. **Analysis**

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g., Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998).

As noted, the BOP Inmate Locator database reveals that Petitioner has been placed in a halfway house in Detroit, Michigan. Because Petitioner has already received the relief prayed for in his habeas petition, CCC placement, the present case has been rendered moot and must be dismissed.

IV. Conclusion

For the reasons stated, the Court concludes that there is no longer any case or controversy for the Court to resolve in this matter. Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED** as moot.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Timothy Cochran, Reg. No. 04843030, FCI Milan, P. O. Box 1000, Milan, MI 48160 on January 16, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager